**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**VALIREE CORNELIUS,**

    **Plaintiff,**                      **CASE NO.:**

**v.**

**KEETON CORRECTIONS, INC.,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, VALIREE CORNELIUS ("Plaintiff"), hereby sues Defendant, KEETON CORRECTIONS, INC. ("Defendant") and states as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

2.    Venue lies within the United States District Court for the Northern District of Florida, Tallahassee Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3.    Plaintiff, VALIREE CORNELIUS ("Cornelius"), is a resident of Cook County, Georgia at all times material and worked for Defendant in this Juridical District during the applicable statute of limitations.

4.    Defendant, KEETON CORRECTIONS, INC., is a Florida corporation authorized and doing business in this Judicial District.

5.      At all times material herein, Plaintiff was a non-exempt employee of Defendant, pursuant to 29 U.S.C. § 203(e)(1).

6.      Defendant, KEETON CORRECTIONS, INC., is an employer within the meaning of 29 U.S.C. s. 203(d) and subject to the Fair Labor Standards Act because it is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of good for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because it has an annual gross volume of sales made or business done greater than $500,000.00.

7.      Plaintiff is entitled to the protections provided by the FLSA because she is an individual engaged in commerce or in the production of goods for commerce.

## FACTUAL ALLEGATIONS

8.      Plaintiff, VALIREE CORNELIUS, was employed with Defendant from October 1, 2019, until May 31, 2021, as a full time Resident Monitor earning $16.59 an hour.

9.      During the course of Plaintiff's employment, Plaintiff would work over 40 hours a week.

10.     However, Director, Krenshaw Shaw, was changing Plaintiff's timesheets to reflect less hours than she worked.

11.     On or around May 27, 2021, Plaintiff texted Ms. Shaw regarding the missing hours and was told that the "system" was being worked on.

12.     On the same day, May 27, 2021, Plaintiff emailed Human Resources Manager, Sharon Little Dog, regarding the improper deductions on her timesheets and was assured that the matter would be looked into and that she would discuss with Director, Ms. Shaw.  No action was taken.

13.     Plaintiff was not compensated at the rate of at least one and a half times her regular hourly rate of pay pursuant to the Fair Labor Standards Act (FLSA) for all hours worked over forty (40) in the work week.

14.      Plaintiff was not exempt from the overtime provisions of the FLSA. In fact, Plaintiff is entitled to overtime compensation for all overtime hours worked under the FLSA.

15.     Plaintiff has retained the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

<u>**COUNT I**</u>
<u>**FAIR LABOR STANDARDS ACT ("FLSA") – OVERTIME**</u>

16.     Plaintiff realleges paragraphs one (1) through fifteen (15) as though set forth fully herein.

17.     The employment of Plaintiff provided for a forty (40) hour work week but throughout her respective employment Plaintiff did work a substantial number of hours in excess of forty (40) hours per work week.

18.     At all times material, Defendant failed to comply with 29 U.S.C. § 201 *et seq*., in that Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate Plaintiff at the rate of time and one-half her regular rate of pay for the hours worked over forty (40) in a work week.

19.     Defendant's failure to pay Plaintiff the required overtime pay was intentional and willful.

20.     As a direct and legal consequence of Defendant's unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff, VALIREE CORNELIUS, respectfully request all legal and

equitable relief allowed by law including judgment against Defendant for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy and such other relief as the court may deem just and proper.

## COUNT II
## FAIR LABOR STANDARDS ACT ("FLSA") – RETALIATION

21.     Plaintiff realleges paragraphs one (1) through fifteen (15) as though set forth fully herein.

22.     Plaintiff suffered an adverse employment action by Defendant's constructive discharge of Plaintiff's employment for complaining that she had not been paid overtime for all of the hours she worked.

23.     The above-described acts of retaliation constitute a violation of 29 U.S.C. § 201, *et seq.,* for which Defendant is liable.

24.     As a result of the retaliatory actions of Defendant, Plaintiff has suffered damages including emotional distress and humiliation.  These losses are permanent or intermittent and will continue into the future.

25.     As a result of Defendant's unlawful action against Plaintiff, has and will continue to incur attorney's fees and costs.

**WHEREFORE**, Plaintiff, VALIREE CORNELIUS, respectfully request all legal and equitable relief allowed by law including judgment against Defendant for lost wages, prejudgment interest; emotional pain and suffering and the payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy and such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

26.    Plaintiff requests a jury trial on all issues so triable.

Dated this 9th day of November 2021.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Christopher D. Gray
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
Primary:  chris@fgbolaw.com
Secondary:  debbie@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff